IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| JEAN HOWARD, on behalf of the Estate of DWAYNE HOWARD, Deceased | ) ) ) |
| Plaintiff, | ) ) No. 08 C 50156 |
| vs. | ) ) Judge Philip G. Reinhard ) |
| CITY OF FREEPORT, *et al.*, | ) Magistrate Judge P. Michael Mahoney ) |
| Defendants. | ) |

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendants, the City of Freeport and Bryan Politsch, for their answer to plaintiff's complaint, state as follows:

**PARTIES JURISDICTION & VENUE**

1. This court has jurisdiction pursuant to 42 U.S.C. §§ 1983 and 1988, the Eighth and Fourteenth Amendments to the United States Constitution and there is federal jurisdiction of the claim pursuant to 28 U.S.C. §§ 1331 and 1337, and pendant jurisdiction as provided under 28 U.S.C. §1367(a).

   **ANSWER:** Defendants admit that the facts alleged in plaintiff's complaint give rise to both federal question and supplemental jurisdiction but defendants specifically deny the truth of those allegations as set forth in their answer below.

2. Venue is proper for this action in the Northern District of Illinois, Western Division, pursuant to 28 U.S.C. § 1391 (b), as the claim arose in this judicial district.

   **ANSWER:** Defendants admit that the facts alleged in plaintiff's complaint give rise to venue in this Court but defendants specifically deny the truth of those allegations as set forth in their answer below.

3. Plaintiff Jean Howard brings this claim on behalf of her deceased husband, Dwayne Howard.

    **ANSWER:**    Defendants do not have sufficient information or knowledge to form a belief as to the truth of the allegations of paragraph 3 of plaintiff's complaint.

4.    Defendant, Bryan Politsch, is a police officer with the Freeport Police Department, County of Stephenson, State of Illinois. Officer Politsch was acting under the color of law at all times relevant to this Complaint and is being sued in both his individual and official capacity.

    **ANSWER:**    Defendants admit that Politsch is an employee of the City and works as a police officer and that at the time of the shooting of Dwayne Howard, he was acting under color of law but deny that Politsch committed any act or omission that would give rise to either official or individual capacity liability.

### COUNT I: 42 U.S.C. § 1983-Wrongful Death

5.    Plaintiff realleges and reincorporates paragraphs 1-4 as though fully set forth herein.

    **ANSWER:**    Defendants re-allege and incorporate their answers to paragraphs 1 through 4 above, as their answer to paragraph 5 of plaintiff's complaint.

7 [*sic*].  On July 28, 2007, Decedent Dwayne Howard was visiting Jeff Ayer, an acquaintance and resident, at 1530 S. Chicago Ave., Freeport, Illinois.

    **ANSWER:**    Defendants admit that Dwayne Howard placed a call for service to the Freeport Police Department from that address on the date alleged, but are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 7 of plaintiff's complaint.

8.    Under information and belief, while located at 1530 S. Chicago Ave., apartment 3, Mr. Howard and Jeff Ayer consumed cocaine and as a result, the decedent experienced feelings of anxiety and paranoia regarding a bug he had seen in Mr. Ayer's apartment.

    **ANSWER:**    Defendants admit that toxicology reports performed as part of the autopsy of Dwayne Howard were positive for both cocaine and alcohol.

9.    The Decedent called the police in an effort to receive assistance with his concerns.

    **ANSWER:**    Defendants admit that in placing a service call to Freeport Police, Dwayne Howard expressed the belief that bugs were crawling on him and requested police assistance.

10. When the police arrived at 1530 S. Chicago Ave., the decedent was holding a small knife, belonging to Mr. Ayer, in an effort to protect himself from what he believed to be an infestation of bugs.

> **ANSWER:** Defendants admit that when they arrived on the scene, Dwayne Howard brandished and threatened them with a knife and are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 10 of plaintiff's complaint.

11. The decedent was shot twice, once in his chest and once in his abdomen, by the Defendant Officer Politsch.

> **ANSWER:** Defendants admit the allegations of paragraph 11 of plaintiff's complaint.

12. Dwayne Howard died on July 28, 2007, of Hemorrhagic shock due to the gunshot wound to his chest.

> **ANSWER:** Defendants admit the allegations of paragraph 12 of plaintiff's complaint.

12 [*sic*]. As a direct and proximate result of the said acts of Defendant Officer Politsch, the Decedent, Dwayne Howard suffered the following injuries and damages: violation of his constitutional rights to be free from the use of excessive, unreasonable and unjustified force against his person, loss of his life; physical pain and suffering, emotional trauma and suffering, requiring the expenditure of money for treatment and cruel and unusual punishment in violation of his 4th, 8th and 14th Amendment Constitutional rights.

> **ANSWER:** Defendants deny the allegations of the second paragraph 12 of plaintiff's complaint.

10 [*sic*]. In addition, Jean Howard suffered an untimely end of her relationship with her spouse with the corresponding loss of his income services, protection, care, assistance, society, companionship, comfort, guidance counsel and advice and was forced to incur funeral and burial expenses.

> **ANSWER:** Defendants deny the allegations of the second paragraph 10 of plaintiff's complaint.

11 [*sic*].  The actions of the Defendant violated the clearly established and well settled federal constitutional rights of Dwayne Howard to be free from the use of excessive, unreasonable and unjustified use of force against his person and constitutes cruel and unusual punishment in violation of Plaintiff's Eighth and Fourteenth Amendment Constitutional rights.

> **ANSWER:** Defendants deny the allegations of the second paragraph 11 of plaintiff's complaint.

12 [*sic*].  The actions of the Defendant were also in violation of the policy of the Freeport Police Department, to only use the minimum force reasonably required to effect an arrest or control a person. In addition, the force used by an officer shall only be that which is required to overcome the resistance being offered by an offender. Officer Politsch did not adhere to the policy of Freeport Police Department when he shot and killed the decedent.

> **ANSWER:** Defendants deny the allegations of the third paragraph 12 of plaintiff's complaint.

12 [*sic*].  Plaintiff, Jean Howard, claims damages for the wrongful death of Dwayne Howard and for her loss of his income, services, care, assistance, society, companionship, comfort, guidance, counsel and advice and for the funeral and burial expenses under 42 U.S.C. § 1983 and the State of Illinois Wrongful Death Statute, 740 ILCS 180/1, *et seq*.

> **ANSWER:** Defendants deny the allegations of the fourth paragraph 12 of plaintiff's complaint.

**AFFIRMATIVE DEFENSES**

Defendants, City of Freeport and Bryan Politsch, for their affirmative defenses to plaintiff, Jean Howard's complaint, state as follows:

**First Affirmative Defense**

Howard's complaint fails to adequately state a claim which, if supported by a showing of any set of facts consistent with the allegations of his complaint, would entitle her to relief. Fed. R. Civ. P. 12(b)(6).

**Second Affirmative Defense**

1. At the time and place of the occurrences complained of by Jean Howard, defendant Politsch acted in an objectively reasonable manner in that:

   a) Politsch was responding to a call for service from an individual known to him to have a history of mental illness and substance abuse;

   b) Upon arrival at the scene, Dwayne Howard threatened Politsch and other officers on the scene with a knife, ignored repeated commands from police to drop the knife and charged officers while screaming and brandishing the knife; and

   c) As Dwayne Howard charged him, other officers continued to shout verbal commands to drop the knife as Politsch attempted to back away but found himself limited in his ability to retreat because Dwayne Howard and Politsch were in the enclosed landing of an apartment building.

2. To the extent that Politsch has been sued in his individual capacity, he is entitled to qualified immunity from suit.

**Third Affirmative Defense**

1. Defendant Politsch has been sued in his individual capacity for allegedly acting maliciously and with reckless disregard for Dwayne Howard's federally protected rights.

-5-

2.   To the extent that the complaint does not allege that the individual defendant was acting pursuant to some custom, policy or usage of the City of Freeport, there can be no liability on the part of the City.

### Fourth Affirmative Defense

1.   Plaintiff, Jean Howard's complaint seeks damages in her capacity as an heir to Dwayne Howard, for her loss of society, support, funeral expenses, *etc.,* as provided for under the Illinois Wrongful Death Act.

2.   To the extent that her complaint purports to be for violation of the federally protected rights of Dwayne Howard, such damages are not recoverable in an action brought pursuant to 42 U.S.C. § 1983.

3.   To the extent that it is plaintiff's intent to bring an action on her own behalf pursuant to law of Illinois, as to those claims, at the time and place complained of in her complaint, there was in effect in Illinois a statute commonly known as the Illinois Governmental and Governmental Employees Tort Immunity Act. (745 ILCS 10/1-101 *et seq.*).

4.   Because at the time and place of the occurrences complained of, Politsch was engaged in law enforcement both he and Freeport are shielded from civil liability by sections 10/2-109, 10/2-201,10/ 2-202, 10/2-204, and 10/4-102 of the Tort Immunity Act.

/s/ Stephen E. Balogh
Stephen E. Balogh
Attorney for defendants
BRYAN POLITSCH and the
 CITY OF FREEPORT
WilliamsMcCarthyLLP
120 W. State Street, Suite 400
Rockford, IL 61101
(815) 987-8946
(815) 968-0019 fax
sbalogh@wilmac.com

## CERTIFICATE OF LAWYER

The undersigned hereby certifies that on August 28, 2008, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Attorney Rene Hernandez
>Law Office of Rene Hernandez, P.C.
>1625 East State Street
>Rockford, IL  61104

>      /s/  Stephen E. Balogh
>Stephen E. Balogh
>Attorney for defendants,
>CITY OF FREEPORT & BRYAN POLITSCH
>WilliamsMcCarthy LLP
>120 W. State St., Suite 400
>P.O. Box 219
>Rockford, IL  61105-0219
>Telephone:  (815) 987-8946
>Facsimile:  (815) 968-0019
>E-mail:  sbalogh@wilmac.com